Opinion of the court delivered by
Whyte, Judge.
This bill was brought by complainants, Rhodes and wife, for an account of the personal and real estate of James Holland deceased, praying a distribution of the personal estate, and a partition of the real estate to and amongst those entitled to have and receive the same, pursuant to their respective rights and interests.
James Holland, deceased, in the year 1816, made his *342 will and duly executed the same, to pass real and personal property. In the will are several bequests and devises, but it is only necessary to notice that part of the will containing the devises, as the respective parties interested in, and entitled to the personal estate, have since the institution of , this suit came to an agreement respecting it, satisfactory to themselves, and dispensing with any further notice of that part of the case by the court. The part of the will embracing the real estate, is in the following words:
“I give and bequeath all my estate in the following manner, after the payment of all my just debts; that is. to say, I give to my wife the plantation and tract of land whereon I now reside, during her life, in lieu of, and as full compensation for her right of dower, and after her death said tract of land to go as my other real estate is hereafter disposed of. I give to my son James one-third part of all my real estate, and the other two-third parts thereof, I give and bequeath to my three daughters, Sally Mira, Selina Sophia, and Polly Louisa, to them and their heirs forever, subject nevertheless, to the life estate above bequeathed to my wife, which incumbrance shall be borne equally by my said son and my said three daughters.”
The two daughters Sally Mira and Polly Louisa, died In the life time of the testator. The testator died in 1823, leaving three children alive, a son, the defendant James H. and two daughters, the plaintiff Cynthia Rhodes, and the defendant Selina Sophia Perkins. It is contended for the plaintiffs Rhodes and wife, that by the death in the life time of the testator of the two daughters Sally Mira and Polly Louisa, devisees, their shares lapsed, and the testator died intestate as to them, consisting of two? thirds of the whole of the real estate; or expressing the same by numbers and calling the whole amount of the real estate 60, then the devise to the three sisters would be 40; of which the two lapsed shares, 263 became a part of the testator’s estate undisposed of, to pass from him by descent. Then the act of 1784, ch. 22, sec. 2, *343 would give to the plaintiff Mrs. Rhodes 20 of the 26$ lapsed, the remaining 6* parts, to the defendant Mrs. Perkins, making her share 20 also, and producing a perfect equality amongst all three.
For the defendants, Perkins and wife, itwas contended, that the devise to Mrs. Perkins and her two sisters was a joint estate in fee simple to them j that by the death of the co-devisees she became entitled to the whole devise as survivor, and was seized of the forty parts, or two-thirds of the real estate to her own use, by virtue oí the joint tenancy.
For the son James it was contended, that the shares of his two deceased sisters, by their death in the life time of the testator his father, neither lapsed or became a part of the testator’s estate undisposed of, nor did it go to his sister Perkins by survivorship; butdescended to his sister Rhodes and his sister Perkins and himself in equal portions; each taking one-third of the two-thirds devised to his three sisters, which division of the whole, according to the following proportions, expressed in numbers, gives to Mrs. Rhodes 8 2-9 parts; to Mrs. Perkins 22 2-9 parts; and to James Holland 28 2-9.
The construction for the plaintiff Rhodes cannot prevail on the ground of lapse, and consequent intestacy. The testator did not die intestate as to the shares of Sally Mira and Polly Louisa, because they formed part of a devise given by the testator to them and Mrs. Perkins in fee simple in joint tenancy; in which the death of two, only operated by the common law in accumulation and increase of their right to the surviving joint tenant, their sister Mrs. Perkins, in severalty, of what she was before seized in joint tenancy,per tout as well as per my, and as an extinguishment of the seizen of the shares of the deceased, making her interest entire and several in the whole of what was before joint. This devise therefore, could not lapse for the want of a tenant, Mrs. Perkins supporting that character from the making of the devise, operating as a conveyance, in which she was a donee in joint tenancy seized per tout as well as per my, until the *344 death of her sisters, and afterwards seized in severalty of the whole. Neither can the construction for the defendant Perkins prevail, for although by the common law, Mrs. Perkins being surviving joint tenant, would have taken the whole of the two-thirds devised to her two sisters and herself jointly, yet the common law effect of joint tenancy, survivorship, is cut down by the act of assembly 1784, ch. 22, sec. 6, acting upon the shares of the deceased joint tenants; preventing the passing them in accumulation and increase to Mrs. Perkins as the. surviving joint tenant, and making them descend to and vest in their respective heirs.
The construction contended for by the defendant James Holland, is the true construction of this devise. The shares of the deceased joint ienanls Sally Mira and Polly Louisa, by the statute descending to and vesting in their heirs respectively, they, the deceased, became ancestors, the source of descent, and not the testator James Holland.This descent to the heirs of Polly Louisa and Sally Mira, by the statute, is not influenced or affected by any of the devises in the will of the testator, as regulating it with a view to equality. Taken conjunctively with the devises and bequests therein, the heirs of the deceased sisters' and their brother James Holland, and their two surviving sisters, Mrs. Rhodes and Mrs. Perkins, take under the act of 1784, ch. 22, sec. 6, 1796, ch. 14, equal shares. The shares thus descending by the act of 1784, ch. 22, sec. 6, are two-thirds of the devise to the three sisters, to wit: the deceased sisters and Mrs. Perkins, and according to the numerical division above, would be to each of the heirs 8 2-9 parts of 263 parts of 60, the whole of the estate at present subject to partition. Mrs. Rhodes will then have 8 2-9, Mrs. Perkins 22 2-9, and James Hoi-land 28 2-9 parts of the real estate of James Holland, the testator, exclusive of the plantation devised for life to the defendant Sarah, in lieu of dower. This construction, upon a view of the disparity in amount of the respective shares, accruing by it, to the children of the same parent, may seem somewhat forbidding, and excite a wish it were *345 otherwise, and according to the construction contended tor by the counsel for the plaintiffs, Rhodes and wife. But when it is recollected that this particular result is produced by the testator’s will, which may have been in-, fluenced,-and in his discretion directed by considerations, flowing from prior advancements, this regretted result maybe in effect the constituting a perfect equality amongst the children. Be this as it may, the act must be executed whenever the case presents itself, as well when it is created by devise, as when it is created by deed. The, act is genera], extending to all cases. Its policy is as applicable to wills as to other conveyances, and is stated in the act to be the promoting of equality of property by a more general distributing of it; thereby lessening the means of acquiring undue influence, so hostile to a Republic. This policy was not violated by the holding in joint tenancy, but it was impinged upon by they its accrescendi. Therefore accumulation by survivorship was forbidden by. the act, and thus stricken from the law as a rule of property. This court is of opinion, that the construction here, given accords with both the letter and the spirit of the act of assembly. Let a decree be made expressing and ascertaining the rights and proportions of the parties, as above stated and set forth; and for a commission to issue for di-, yiding the lands according to the above ascertained proportions.
Smith and Craighead for complainants.'
Cobb for defendants Perkins and wife.
Anderson for defendant James.
Decree accordingly!'